FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
5/23/2023 4:57 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV0450

CAUSE NO: _____

| | | |
|---|---|---|
| VIRGINIA PACK<br>*Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | JEFFERSON COUNTY, TEXAS |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>*Defendant.* | § § § § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, VIRGINIA PACK, hereinafter styled Plaintiff, complaining of ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, hereinafter styled Defendant, and for cause of action against said Defendant would respectfully show the Court as follows:

I.

Plaintiff designates that discovery in this cause of action shall be governed by Rule 190 of the Texas Rules of Civil Procedure, Level Two (2).

II.

Pursuant to Rule 47, Plaintiff VIRGINIA PACK seeks only monetary relief aggregating $250,000, or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

III.

Plaintiff currently resides in Lumberton, Hardin County, Texas. Pursuant to CPRC §30.014, the last three digits of Plaintiff VIRGINIA PACK'S driver's license number are 323 and the last three digits of her social security number are 822.

1

IV.

Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, is an automobile liability insurance company, licensed to do business in the State of Texas with the Texas Department of Insurance which is actually doing business within the state. Defendant can be served with process by serving its registered agent, C. T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

**SERVICE IS REQUESTED AT THIS TIME.**

V.

Plaintiff brings this declaratory judgment action to recover for personal injury and other damages sustained as the result of a motor vehicle collision which occurred in Jefferson County, Texas. This court has personal jurisdiction over all parties because all are either Texas residents or companies registered to do business and actually conducting business in the State of Texas. This court has subject matter jurisdiction over all claims asserted in this action because they are recognized causes of action existing under Texas law and Plaintiff seeks damages that are within the jurisdictional limits of this court. Venue is proper in Jefferson County pursuant to Texas Civil Practice and Remedies Code §15.002(a) (1) as it is the county in which the events giving rise to Plaintiff's cause of action occurred.

VI.

On or about June 09, 2021, in Beaumont, Jefferson County, Texas, Plaintiff VIRGINIA PACK was traveling on Eastex Freeway, when Sandra Tuchrello made a wide right turn, entered Plaintiff's lane of traffic and slammed into her vehicle. This negligent incident resulted in the injuries and damages complained of herein.

VII.

The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages, were proximately caused by the negligent conduct of the Defendant driver in one or more of the following respects:

(a) In failing to maintain control of the vehicle as persons of ordinary prudence would have kept under the same or similar circumstances.

(b) In failing to keep such lookout as persons of ordinary prudence would have kept under the same or similar circumstances.

(c) In failing to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway, in violation of Section 545.351, Texas Transportation Code, such violation constituting negligence per se.

(d) In failing to maintain a single lane of traffic, in violation of Section 545.060, Texas Transportation Code, such violation Constituting negligence per se.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

VIII.

As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, VIRGINIA PACK has suffered with severe pain in her neck, chest, back, right shoulder, right arm, right hip, and right leg. Plaintiff was diagnosed as having multiple disc herniations as well as suffering with muscle spasms, muscle guarding, restricted range of motion, and soreness to the body in general. That because of such injuries she has suffered the following:

A. Reasonable and necessary medical expense – past

3

  B. Reasonable and necessary medical expense – future

  C. Loss of earnings and earning capacity – past

  D. Loss of earning capacity – future

  E. Physical impairment – past

  F. Physical impairment - future

  G. Physical pain – past

  H. Physical pain – future

  I. Mental anguish – past

  J. Mental anguish – future

Each of these acts or omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

IX.

At the time of the motor vehicle collision described above, and for many years prior to this collision, Plaintiff PACK was covered by her own automobile policy of insurance with Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY. Part of the insurance coverage provided by Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY to Plaintiff under that policy was underinsured motorist coverage (hereinafter "UIM"). With regards to the collision, Plaintiff timely and properly notified Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY of his claims under the UIM portion of his policy with Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY. Nonetheless, Defendant ALLSTATE FIRE AND CASUALTY INSURANCE

COMPANY failed to offer Plaintiff a fair settlement of her UIM claim.

All conditions precedent to bringing this suit have been performed and/or have occurred.

Based upon the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff PACK and Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY at the time of the collision, Plaintiff PACK seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem Code Chapter 37 that she is entitled to recovery from Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY his damages resulting from the motor vehicle collision of June 09, 2021, caused by the negligence of Ms. Tuchrello, that those damages fall within the coverage afforded her under her policy with Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, and specifying the amount of damages, attorney fees, interest, and court costs that Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY is obligated to pay her.

Although Plaintiff believes that the ultimate decision regarding how much compensation to provide her in this case falls within the purview of the jury under the right to trial by jury, Rule 47 of the Texas Rules of Civil Procedure requires Plaintiff to choose from a limit of predetermined categories of monetary relief. Due to this pleading requirement Plaintiff pleads that she seeks monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, attorney fees and costs. Plaintiff reserves the right to amend her claim for monetary relief, if necessary, when discovery is substantially complete.

Pursuant to Tex. Civ. Prac. & Rem. Code Chapter 37, Plaintiff PACK also seeks recovery of reasonable and necessary attorney fees from Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY for which she hereby sues.

Plaintiff also seeks recovery of her expenses and costs of suit, and pre-judgment and post-judgment interest at the highest rate permitted by law.

X.

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the first answer, the information or material described in Rule 194.2(b) 1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

XI.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

XII.

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein; that she has judgment against Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY for her damages to which she is legally entitled; that she has and recovers pre and post-judgment interest, costs of suit, and attorney fees; and for such other and further relief to which Plaintiff may show herself to be justly entitled at law or in equity.

[Signature block on following page]

Respectfully submitted,

BY:    */s/Jonathan C. Juhan*
      JONATHAN JUHAN
      SBN: 11047225
      jonathanjuhan@sbcglobal.net
      TRACY L. HENDERSON
      SBN: 24103115
      tracy.juhanlaw@gmail.com
      985 I-10 N. Suite 100
      Beaumont, Texas 77706
      409/832-8877   TELEPHONE
      409/924-8880   FACSIMILE

      Attorneys for Plaintiff